The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the deputy commissioner. The appealing party has shown good ground to reconsider the evidence. The Full Commission REVERSES the Opinion and Award of the deputy commissioner and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties, in a Form 21, Agreement for Compensation for Disability, approved by the Industrial Commission on May 21, 1990 and in the Pre-trial Agreement as
STIPULATIONS
1. Plaintiff sustained a compensable injury by accident on March 28, 1990 as stipulated in a Form 21 Agreement entered into by the parties and approved by the Industrial Commission on May 21, 1990, which agreement is incorporated herein by reference.
2. The plaintiff returned to work on or about April 30, 1990 with defendant-employer earning the same wages he had prior to his accident.
3. The Form 21 agreement was received and signed by the plaintiff on May 9, 1990.
4. The defendant provided plaintiff with a copy of a Form 28B indicating on line 16 that the case was closed including final compensation payment "except for final medical". The plaintiff signed said Form 28B as well as the aforementioned Form 21 on May 9, 1990 when he received his first and last payment of wage loss benefits.
5. The plaintiff has received no compensation for permanent injury at any time and no other wage compensation since May 9, 1990.
6. Dr. George S. Blodgett, III, one of plaintiff's treating physicians, signed Forms 25R on September 12, 1991 and on May 18, 1992 indicating that the stipulated injury resulted in no permanent defect or serious facial, head or bodily disfigurement.
7. The defendant paid for plaintiff's continuing treatment for his injury by Drs. Blodgett, Hill, Killian and other health care providers in 1990, 1991, 1992 and 1993.
8. Industrial Commission Forms 18, 19, 21, 25R, 28, 28B, 33 and 33R are received into evidence.
9. Medical records from Dr. George Blodgett, III, Dr. John Killian, Angel Community Hospital, Memorial Mission Hospital, Dr. David Hill, Dr. Richard Beauchemin and Dr. Edward Isbey, III shall be received into evidence.
* * * * * * * * * * * * * *
Based upon the competent evidence adduced from the record herein, the Full Commission makes the following
FINDINGS OF FACT
1. On March 28, 1990, plaintiff, a 43 year old auto and truck mechanic, sustained an injury by accident arising out of and in the course of his employment with defendant-employer when a piece of chisel bit entered plaintiff's right eye.
2. As a result of his March 28, 1990 injury by accident, plaintiff has been seen by Drs. Killian, Blodgett, Hill, Beauchemin and Isbey. Plaintiff has undergone right eye surgery performed by Dr. Killian on March 28, 1990 which consisted of repair of a cornea laceration, removal of the vitreous in the center of the eye, removal of the lens and removal of the piece of chisel bit. Plaintiff has also undergone right eye surgery performed by Dr. Blodgett on April 10, 1991, which consisted of placement of a plastic intraocular lens into plaintiff's right eye.
3. As a result of his admittedly compensable injury plaintiff has sustained the following injuries and resulting problems:
a) loss of his natural lens in his right eye;
b) loss of the vitreous material of the right eye;
 c) laceration of the cornea resulting in a full thickness corneal scar and a weakened cornea which may require a corneal transplant in the future;
 d) injury to the sphincter of the iris which closes the pupil down;
 e) problems with the macula — the central part of the retina; and
 f) problems with light sensitivity, glare, photophobia and difficulty seeing up close.
4. Plaintiff has reasonably required and will continue to reasonably require, medical treatment, including medical monitoring by an ophthalmologist at least on an annual basis. Dr. Isbey, an ophthalmologist, is in the best position to provide plaintiff with further medical treatment including medical monitoring on an annual basis.
5. Following his March 28, 1990 injury by accident and resulting eye surgery of the same date, plaintiff was released to return to work and did return to work at his former job at his same pre-injury wage on April 30, 1990. At that time, plaintiff was still being seen by his treating physician and had not reached the end of his healing period, nor had he been rated for his permanent partial impairment to his eye.
6. On May 9, 1990, while plaintiff was still being actively treated for his eye injury, plaintiff and defendant entered into a Form 21, Agreement for Compensation for Disability, providing for 4 and 4/7ths weeks of temporary total disability compensation at the rate of $300.02 per week for the period beginning March 29, 1990 and ending April 30, 1990. Plaintiff, who was not represented by counsel at said time, also acknowledged receipt of a Form 28B by signing same. On the Form 28B, the section entitled "Notice to Employee" contained the following question: "Does this report close the case — including final compensation payment?" The answer choices were "yes" or "no". The defendant-carrier wrote, "yes — except final medical." The Form 28B bears no file stamp showing receipt by the Industrial Commission. The Form 28, Return to Work Report, however, has a stamp showing that it was received by the Industrial Commission on May 18, 1990. The Form 28 Return to Work Report is inconsistent with the Form 28B in that it states that the probable date of termination of disability is "Unknown at this time."
7. At the time the Form 28B was presented to plaintiff, the Form 21 Agreement had not been approved by the Industrial Commission and plaintiff had not reached the end of his healing period. Defendant knew plaintiff was receiving continuous medical treatment every week or every two weeks from medical specialists. The extent of plaintiff's permanent partial impairment was unknown as of May 9, 1990 and could not be determined until plaintiff reached the end of his healing period and was rated. It was known, however, that plaintiff would likely have some compensable permanent impairment at least for damage to an important organ of the body because of the nature of his injury and resulting surgery. The piece of chisel bit had gone through the lens of the eye and the lens had to be removed. After surgery on March 28, 1990, plaintiff had a lacerated corneal which was healing, his right eye was without the lens and the majority of the vitreous in the eye had been removed.
8. At the time of plaintiff's December 28, 1990 visit to Dr. Blodgett, the records indicate that plaintiff was complaining of blurred vision and his visual acuity in the right eye was 20/70. Due to plaintiff's inability to tolerate fittings of contact lens, Dr. Blodgett recommended a secondary intraocular lens implant in the right eye to help restore visual acuity. The surgery was done in April, 1991.
9. Dr. John H. Killian, who admitted plaintiff into the hospital on March 28, 1990, noted that plaintiff was admitted for repair of a corneal laceration, pars plana lentectomy, pars plana vitrectomy and removal of an intraocular foreign body. In his letter dated July 1, 1993, he further notes that plaintiff still had a corneal laceration in the visual axis which results in light sensitivity from the corneal scar giving plaintiff persistent visual problem. He recommended that plaintiff be examined by a corneal specialist.
10. It appears from the medical records that plaintiff missed additional time from work as a result of his April 10, 1991 eye surgery and follow-up treatment. Defendant has not filed a Form 26 Supplemental Agreement for Payment of Compensation for the time plaintiff was unable to work during this period.
11. On April 7, 1992, plaintiff reached maximum medical improvement from his March 28, 1990 injury by accident and resulting surgeries.
12. Plaintiff filed Industrial Commission Forms 18, and 33 with the Industrial Commission on February 12, 1993, requesting compensation for permanent partial disability and future medical care. Defendant contends that plaintiff's filing of his claim for compensation occurred more than two years after the date plaintiff received his last payment of compensation pursuant to the award of compensation based on the Form 21 Agreement for Compensation for Disability, approved by the Industrial Commission on May 21, 1990 and the Form 28B.
13. At the time plaintiff received and signed the Form 28B, he did not understand that he would need to file a claim for change of condition in order to be compensated for any permanent impairment he may have sustained from his injury. The conditional Form 28B language of, "yes, except final medical" did not clearly and unambiguously apprise plaintiff that he may be waiving compensation for his permanent impairment.
14. The Form 28 Return to work was the proper form to file with the Industrial Commission when plaintiff returned to work and the probable date of termination of disability is "Unknown at this time". The Form 28B was prematurely filed by defendant-carrier under the circumstances of this case. Defendant can not unilaterally close plaintiff's open claim for additional benefits before plaintiff reaches the end of his healing period.
15. Plaintiff's employment with defendant ended in July, 1993 for reasons unrelated to his injury.
16. No weight or credibility is accorded those parts of the Form 25R's completed by Dr. Blodgett on May 18, 1992 and September 2, 1991 which indicated that plaintiff had sustained no permanent defect or serious facial, head or bodily disfigurement because these reports are inconsistent with other uncontroverted evidence and the law.
17. Plaintiff's claim for compensation for permanent injury to his eye is not time barred by N.C. Gen. Stat. § 97-47.
* * * * * * * * * * * * * *
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. Plaintiff is entitled to permanent partial disability compensation resulting from his compensable injury when the extent of his impairment is known. Further evaluation is needed to determine this issue.
2. A Form 28B Report of Compensation and Medical Paid is not an award of the Commission and does not require Commission approval. The Form 21 Agreement entered herein was an award which was interlocutory in nature because it settled only preliminary questions of jurisdiction and prior periods of temporary total disability. It left unresolved the extent of plaintiff's permanent partial disability as this issue could not be determined at the time of approval because plaintiff had not reached the end of his healing period. It was known, however, that plaintiff was likely to have a permanent partial impairment. Consequently, N.C. Gen. Stat. § 97-47 is not a bar to further compensation by plaintiff. This statute applies to final awards of the Commission. Beard v. Blumenthal Jewish Home, 87 N.C. App. 58
(1987). "The Commission is not in a position to make a proper award, approve an agreement, until the extent of incapacity and permanent impairment, if any, are determined . . . . Changes of condition occurring during the healing period and prior to the time of maximum recovery and the permanent disability, if any, found to exist at the end of the healing period are not changes of condition within the meaning of N.C. Gen. Stat. § 97-47." Pratt v.Upholstery Co., 252 N.C. 716, 720, 722 (1960).
3. The Form 28B report which may or may not have been filed by defendant was improvidently prepared and for the reasons stated in the findings above is null and void.
4. Plaintiff is entitled to all medical treatment arising from his March 28, 1990 injury by accident, including further medical treatment and medical monitoring by Dr. Isbey, which is reasonably required to effect a cure, give relief or lessen his disability. N.C. Gen. Stat. § 97-25; Hyler v. GTE Products, Inc.,333 N.C. 258, 425 S.E.2d 698 (1993).
* * * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. The Opinion and Award of the deputy commissioner is REVERSED. The record is reopened for receipt of additional medical evidence on the extent of plaintiff's permanent partial impairment. Plaintiff shall submit to further examination by Dr. Isbey at defendant's expense, within 30 days. Thereafter, the parties shall have 30 additional days to submit stipulated medical records or deposition testimony from Dr. Isbey concerning the extent of plaintiff's permanent partial impairment.
2. Costs shall abide the final result.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ __________________ COY M. VANCE COMMISSIONER
S/ __________________ JOHN A. HEDRICK DEPUTY COMMISSIONER
BSB:md